## ANGELO AFFINITO
vs.
## LOUIS COHEN, ET AL.

Superior Court    New Haven County    File #53326

### MEMORANDUM FILED MAY 10, 1938.

Louis Sperandeo, of New Haven, for the Plaintiff.

Bernard Pellegrino, of New Haven; Yale Matzkin, of Waterbury, for the Defendants.

FOSTER, J.   The plaintiff claims that on April 6, 1937 he worked for the defendant, Louis Cohen, who was in the furniture business; that he went with the defendant David Cohen and one Fortin on a truck to deliver a refrigerator to a customer of Louis Cohen; that the truck was backed into the yard of the house where the refrigerator was to be delivered and was stopped near the steps leading to the rear entrance of the house; that the refrigerator was unloaded to the ground; that, as the plaintiff was putting the refrigerator on his back to take it into the house, David Cohen, without warning, backed the truck into the refrigerator, causing the plaintiff's foot to be caught between the refrigerator and the step of the house; thus causing injury to the plaintiff.

The gist of the plaintiff's claim is that his injury was caused by negligence of the defendant, David Cohen, who was an agent of his father, the defendant, Louis Cohen.

There were three persons present at the time and place of the alleged injury, the plaintiff, David Cohen, and one Fortin. The only testimony relating to the occurrence is that of the

plaintiff himself. The plaintiff called neither David Cohen nor Fortin as witnesses. David Cohen testified on behalf of the defendants, but his counsel chose not to interrogate him as to the occurrence of which complaint is made. Counsel evidently considered that such testimony was unnecessary. The Court has caused a transcript to be made of the testimony of the plaintiff, so that it might be examined with care to ascertain if there is contained therein evidence of negligence of David Cohen. The most favorable testimony is as follows:

"Q. Did anybody—did either Mr. Cohen or Mr. Fortin while Mr. Cohen was there say how it was that the Frigidaire happened to come over on your leg? A. No sir.

Q. Well at any time afterward did anybody talk about how the Frigidaire happened to come over on your leg? A. The only thing I ever heard about it, that he was trying to back the truck out of the way.

Q. Who told you that? A. Mr. David Cohen.

Q. Well will you tell us about that, please? Tell us what he said about it. A. He said he jumped on the truck in order to take the truck out of the way in order to have more room so that they could get in back there.

Q. Did he say what happened then? A. No he didn't.

Q. He said he jumped on the truck to back it out of the way in order to make more room? A. Yes sir.

Q. And that is how the accident happened, is that right? A. Yes."

This falls far short of stating facts constituting negligence on the part of David Cohen. The position of the truck—the backing of the truck might have happened on account of various reasons and in various ways. There was no burden on David Cohen or Louis Cohen to prove lack of negligence. The burden was on the plaintiff to prove negligence of the defendants. This he failed to do.

Louis Cohen had four employees, a bookkeeper, David Cohen, Fortin and the plaintiff. David Cohen was attending Yale College and working for his father at odd times. That David Cohen was a regular employee of his father was amply proven by the eleven checks for $7.00 each covering the weekly wages of David Cohen during the period including April 6, 1937 as well as oral testimony.

Moreover on April 17th, the plaintiff went to Louis Cohen and asked for work. There being no work for him, he offered to settle any claim he had against Louis Cohen and David Cohen for $8.00 and his doctor's bill. Louis Cohen on that date paid the plaintiff $8.00 (check, Exhibit 5) and on June 15th paid the doctor $16.00 (check, Exhibit 2), and we have the doctor's receipted bill.

Judgment may be entered in favor of both defendants against the plaintiff.